IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIA A.,[1] | No. 6:19-cv-1979-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

This matter comes before me on Plaintiff Julia A.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On June 15, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, and on June 16, 2016, applied for Supplemental Security Income ("SSI") under Title XVI, with an alleged onset date of March 1, 2015. Tr. 13. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 77-78, 79-80. Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Katherine Weatherly on June 20, 2018. Tr. 31-58. On October 17, 2018, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 10-29. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2015, the alleged onset date. Tr. 15. At step two, the ALJ determined that Plaintiff had the following severe impairments: Irritable bowel syndrome (IBS), colitis, anxiety disorder, benzodiazepine and opiate misuse, and a history of obesity. Tr. 15. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: she requires close proximity to a restroom but would remain on task and can have no more than occasional contact with the general public or coworkers.

Tr. 17.

At step four, the ALJ determined that Plaintiff was able to perform past relevant work as an administrative assistant, department manager (retail), and department manager (any industry).

2 – OPINION & ORDER

Tr. 23. Alternatively, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as garment sorter, bench assembler, small parts assembler, final assembler, and addresser. Tr. 23. The ALJ therefore found Plaintiff not disabled. Tr. 25.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises only one issue with the ALJ's decision. She argues the ALJ erred by improperly rejecting the opinion of Plaintiff's treating nurse practitioner, Laura Foerst.

I.      **Medical Opinion Evidence**

Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p, at *2.[2] Opinions from "not acceptable" sources "are important and should be evaluated on key

---

[2] The agency rescinded SSR 06-03p, but it still applies to claims (such as this one), filed

3 – OPINION & ORDER

issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, at *3. Factors the ALJ should consider when determining the weight to give an opinion from those non-acceptable medical sources include: the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant; the consistency of the source's opinion with other evidence in the record; the relevance of the source's opinion; the quality of the source's explanation of his opinion; and the source's training and expertise. SSR 06-03p, at *4; 20 C.F.R. 404.1527(c)(2)-(6). On the basis of the particular facts and the above factors, the ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source. SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6. An ALJ can discount a "not acceptable" medical source's opinion if she " 'gives reasons germane to each witness for doing so.'" *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).[3]

---

prior to March 27, 2017. See Rescission of Social Security Rulings 96-2p, 96-5p, 06-03p, available at 2017 WL 3928298.

[3] Plaintiff contends NP Foerst's opinion should be treated as that of an acceptable medical source because Doctor Kristin Bradford, M.D., cosigned NP Foerst's May, 2018 physical capacity statement. Tr. 586. Plaintiff further argues Dr. Bradford "supervised Nurse Foerst's treatment of Plaintiff." Pl. Reply, ECF No. 18 at 3 (citing Tr. 387, 439). Plaintiff's citations to the record show Dr. Bradford twice reviewed Plaintiff's EKGs, but reveal no further supervision or collaboration between Dr. Bradford and NP Foerst. *See, e.g.,* Tr. 439 (stating only that "EKG looks ok…Dr. Bradford will read and we will scan into chart.").

Other Courts in this District to consider the issue have deemed NP opinions "acceptable" when an acceptable source has otherwise treated the claimant, collaborated on care plans, and "concurred completely" on the record with the NP's decision. *See, e.g., Nathan B. v. Saul*, 2019 WL 4884223, at *8 (D. Or. Oct. 3, 2019). By contrast, where a doctor simply cosigned a physical capacity statement without evidence of conferrals between the nurse and physician, the NP's opinion remained "not acceptable." *Jill C. v. Berryhill*, 2018 WL 6308728, at *8 (D. Or. Dec. 3, 2018). Here, like in *Jill C.,* there is no evidence of Dr. Bradford's involvement in any relevant care beyond affixing her signature to the end of NP Foerst's May 2018 opinion. *See* Tr. 586. The

*A. Nurse Practitioner Laura Foerst,*

On April 25, 2018, Nurse Practitioner Laura Foerst submitted a medical source statement that was also signed by Kristin Bradford, M.D, the supervising physician. Tr. 586. NP Foerst wrote that Plaintiff's symptoms include chronic anxiety and panic episodes which "correlate strongly with flares of colitis," difficulty controlling bowels, painful abdominal cramping, and bloody diarrhea. Tr. 585. She opined that Plaintiff requires a restroom on short notice or an urgent basis. Tr. 586. She affirmed that Plaintiff's symptoms require her to be near a bathroom at all times. Tr. 586. She indicated that in her professional judgment, Plaintiff would have difficulty routinely working for two hours without taking a bathroom break. Tr. 586. She affirmed that Plaintiff would likely miss the equivalent of two full workdays or more per month from even a simple, routine job. Tr. 586. She explained that "[c]olitis is unpredictable in terms of how often and how severe," and "[s]ome days she might not feel she can leave home to go to work." Tr. 586.

The ALJ considered NP Foerst's opinion that Plaintiff would likely miss more than two work days per month, and granted it "little to no weight." Tr. 22. The ALJ explained, "[S]he rendered an opinion seemingly based entirely on the claimant's physical symptoms, whereas Ms. Forest's [*sic*] area of specialty is in the area of mental health." Tr. 22. Further, the ALJ found that her opinion was unsupported by the medical record showing minimal degree of specialized gastroenterology treatment, and also that Plaintiff reported that she was able to go camping, go to Disneyland (twice), and look for a job. Tr. 22.

The ALJ supported her decision to give NP Foerst's opinion little weight with several germane reasons, backed up by substantial evidence. As noted above, "germane reasons" include

---

Court will therefore treat her as a "not acceptable" medical source. *Britton*, 787 F.3d at 1013.

5 – OPINION & ORDER

considerations like the medical provider's area of expertise, conflict with the objective medical record, and conflict with Plaintiff's other activities. *Britton*, 787 F.3d at 1013; SSR 06-03p, at *4; 20 C.F.R. 404.1527(c)(2)-(6). The ALJ considered all three. First, the ALJ reasonably discounted NP Foerst's opinion about the extent of Plaintiff's gastrointestinal symptoms because her "area of specialty is in the area of mental health," not gastroenterology. Tr. 22. Second, the ALJ noted Plaintiff had "only a minimal degree of specialized gastroenterology treatment during the course of the period at issue," which suggested that her bowel trouble was not as limiting as NP Forest believed. Tr. 22. In fact, the only such treatment in the record was from May 2008 to March 2014, about a year prior to the alleged onset date, and in April 2018, over three years later. Tr. 22, 268-284, 583-584. The ALJ also highlighted that an "acceptable source," Dr. Susan Johnson, M.D., opined that Plaintiff needed "close proximity to a bathroom," but did not find Plaintiff likely to miss two or more days of work per month. And third, the ALJ noted Plaintiff was able to "go camping, travel to Disneyland on two occasions, and look for a job," which contradicted NP Foerst's opinion about disabling bowel symptoms. Tr. 22, 288, 350, 560, 570. The ALJ did not err in considering NP Foerst's opinion because she provided three germane reasons, supported by substantial evidence, when deciding to offer that opinion little weight.

Plaintiff takes issue with the ALJ's conclusion, arguing that she failed to consider all the factors about the reliability of medical opinions found in 20 C.F.R. 404.1527(c), and that the record more strongly supports NP Foerst's position. Pl. Reply, ECF No. 19 at 3-5. The regulations do not require the ALJ to discuss all these the factors, but only to consider them. *Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018); see also 20 C.F.R. § 404.1527(c). And contrary to Plaintiff's assertion, the ALJ did discuss the § 404.1527(c) factors that she found most relevant to NP Foerst's opinion—in particular its supportability and consistency with other

evidence—and found the opinion wanting. *See* Tr. 22. This satisfied the ALJ's obligation under 20 C.F.R. 404.1527(c). Plaintiff's further arguments that the record more strongly supports NP Foerst's conclusions are an effort to have this Court re-weigh the evidence, which is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—Plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, even though Plaintiff clearly interprets the evidence differently, she has not (and cannot) establish error by simply advancing a different interpretation of the evidence.

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED: _____12/1/2023_____.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge